UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLLEGIATE LICENSING COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>YIWU ZOE JEWELRY CO., LIMITED, et al.,<br><br>Defendants. | Case No. 24-cv-01146<br><br>**Judge Sunil R. Harjani** |

### CONSENT JUDGMENT

This action having been commenced by Plaintiff Collegiate Licensing Company, LLC ("CLC" or "Plaintiff") against Defendants HQG NeonSign (No. 25), JIARODEY (No. 26), and Jinxiuhe (No. 28) (the "Defendants"). Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since Defendants directly targets their business activities towards consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products using infringing and counterfeit versions of the CLC Protected Trademarks to residents of Illinois. A non-exclusive list of the CLC Protected Trademarks is included in the below chart.

1

| | | | |
|---|---|---|---|
| UNIVERSITY OF ALABAMA U.S. Reg. No. 1,483,351 | ALABAMA U.S. Reg. No. 1,429,820 | CRIMSON TIDE U.S. Reg. No. 1,338,772 | U.S. Reg. No. 4,640,171 |
| FLORIDA GATORS U.S. Reg. No. 2,349,246 | UF U.S. Reg. No. 2,199,793 | GATORS U.S. Reg. No. 2,206,967 | U.S. Reg. No. 3,352,139 |
| GONZAGA UNIVERSITY U.S. Reg. No. 1,931,286 | GONZAGA UNIVERSITY BULLDOGS U.S. Reg. No. 1,931,285 | ZAGS U.S. Reg. No. 6,399,337 | U.S. Reg. No. 3,205,719 |
| LOUISIANA STATE UNIVERSITY U.S. Reg. No. 3,161,850 | LSU U.S. Reg. No. 1,331,940 | GEAUX TIGERS U.S. Reg. No. 4,089,447 | U.S. Reg. No. 4,984,211 |
| MICHIGAN U.S. Reg. Nos. 4,764,581; 1,310,132 | WOLVERINES U.S. Reg. No. 2,357,021 | M GO BLUE U.S. Reg. Nos. 2,781,716; 1,307,632 | U.S. Reg. No. 1,364,137 |

| | | | |
|---|---|---|---|
| MICHIGAN STATE<br><br>U.S. Reg. No. 1,325,430 | MICHIGAN STATE SPARTANS<br><br>U.S. Reg. No. 1,470,709 | U.S. Reg. No. 1,345,570 | U.S. Reg. No. 3,510,691 |
| OKLAHOMA STATE UNIVERSITY<br><br>U.S. Reg. No. 3,192,894 | O STATE<br><br>U.S. Reg. No. 3,801,872 | U.S. Reg. No. 2,623,574 | U.S. Reg. No. 1,602,422 |
| UNIVERSITY OF NORTH CAROLINA<br><br>U.S. Reg. No. 1,263,599 | TAR HEELS<br><br>U.S. Reg. No. 4,946,295 | UNC<br><br>U.S. Reg. No. 1,262,384 | U.S. Reg. No. 4,157,952 |

This Court further finds that Defendants are liable for willful false designation of origin (15 U.S.C. § 1125(a)).

The Court further orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    a. using the CLC Protected Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a Genuine

3

      CLC Product or not authorized by Plaintiff to be sold in connection with the CLC Protected Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a Genuine CLC Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the CLC Protected Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the CLC Protected Trademarks and damaging Plaintiff's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the CLC Protected Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Upon receipt of this Order, Amazon.com, Inc. shall remove any restraints that were placed on Defendants' e-commerce stores and financial accounts pursuant to the Temporary Restraining Order [27].

3. This case is dismissed with leave to reinstate as to Defendants within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

4. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED.

DATED: July 2, 2024

_____
Sunil R. Harjani
United States District Judge